NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2216
_____

IN RE: JOHN DOE,
　　　　　　　　Involuntary Petitioner

v.

9197-5904 QUEBEC, INC.,
　　　　　　　　Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:15-cv-04870)
District Judge: Hon. Wendy Beetlestone
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 15, 2018
_____

Before: JORDAN, SHWARTZ, and KRAUSE, Circuit Judges.

(Filed: March 15, 2018)
_____

OPINION[*]
_____

SHWARTZ, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

9197-5904 Quebec, Inc. ("Quebec") appeals, for the second time, from an order denying Quebec's motion for post-judgment relief under Federal Rule of Civil Procedure 60(b)(1). Because the District Court did not abuse its discretion in denying such relief, we will affirm.

I

Quebec filed an involuntary bankruptcy petition against John Doe, which the Bankruptcy Court dismissed. Doe then filed a motion asking the Bankruptcy Court to declare Quebec's petition to be in bad faith and for damages. Quebec failed to appear at the hearing on the motion allegedly due to the then-hospitalization of Quebec's representative, and on March 24, 2015, the Bankruptcy Court granted the motion and awarded approximately $1 million in punitive damages. Quebec then retained its current counsel. Twenty-one days after the appeal deadline passed, Quebec sought an extension of time for filing the appeal, asserting that it did not receive a copy of the Bankruptcy Court's March 24, 2015 order. The Bankruptcy Court denied the extension request. Quebec appealed that ruling to the District Court, and that same day, it received notice that it needed to file a designation of portions of the Bankruptcy Court record for the appeal by September 8, 2015. Quebec failed to do so, and the District Court dismissed the appeal on September 30, 2015 without an opinion. Quebec asserts that it failed to timely file the designation due to its counsel's erroneous calendaring of the deadline as October 22, 2015.

On October 20, 2015, Quebec filed its designation of record and a motion for post-judgment relief under Federal Rules of Civil Procedure 59(e) and 60(b)(1) seeking to

vacate the District Court's September 30, 2015 dismissal of the appeal. The District Court denied the motion as "untimely" without an opinion. Quebec filed a motion for reconsideration under Rule 59(e) which the District Court also denied without an opinion. Quebec appealed. We vacated the District Court's order denying Quebec's second Rule 59(3) motion because the District Court did not analyze whether Quebec's prior Rule 60(b) motion was timely filed. In re Doe, 681 F. App'x 106, 108-09 (3d Cir. 2017) (not precedential). We remanded to allow the District Court to determine the motion's timeliness and, if timely, consider the merits of the motion under Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993). Id. at 109.

On remand, the District Court again denied Quebec's Rule 59(e) motion, finding that the motion's timeliness was "questionable" and, even if timely, the prior Rule 60(b) motion nevertheless failed on the merits because the Pioneer factors demonstrated that Quebec had not shown "excusable neglect" warranting Rule 60(b)(1) relief. App. 10-14. Quebec appeals.

II[1]

---

[1] The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). Our Court has jurisdiction pursuant to 28 U.S.C. § 1291. Doe argues that this appeal is untimely and that we therefore lack appellate jurisdiction. See Doe's June 12, 2017 Mot. to Dismiss ¶ 10. Doe is mistaken. The District Court entered its order denying Quebec's Rule 60(b) motion on April 18, 2017, and Quebec filed its notice of appeal on May 18, 2017, which is within the 30-day timeframe set forth in Fed. R. App. P. 4(a)(1)(A). See also Fed. R. App. P. 6(b)(1) (applying Rule 4(a)(1)(A) to bankruptcy appeals). Therefore, this appeal is timely, and Doe's motion to dismiss for lack of appellate jurisdiction is denied.

We review a district court's order denying a Rule 60(b)(1) motion for abuse of discretion, except with respect to issues of law, over which we exercise plenary review. McBride v. Int'l Longshoremen's Ass'n, 778 F.3d 453, 458 (3d Cir. 2015). An abuse of discretion occurs where the district court's order "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact" or where "no reasonable person would adopt the district court's view." In re Cendant Corp. PRIDES Litig., 235 F.3d 176, 181 (3d Cir. 2000) (citation and internal quotation marks omitted).

Under Rule 60(b)(1), a district court may relieve a party from an order if the order resulted from "excusable neglect."[2] Fed. R. Civ. P. 60(b)(1). The question of whether a party's "neglect is 'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.'" George Harms Constr. Co. v. Chao, 371 F.3d 156, 163 (3d Cir. 2004) (citation omitted). In making this determination, courts consider: (1) "the danger of prejudice," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." Pioneer, 507 U.S. at 395. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

---

[2] Rule 60(b) motions "must be made within a reasonable time" and "no more than a year after the entry of the judgment" from which relief is sought. Fed. R. Civ. P. 60(c)(1). Quebec does not challenge the District Court's conclusion that it was "questionable" whether the motion was made within a reasonable time.

4

'excusable' neglect," but excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392.

The District Court applied the Pioneer factors, found that Quebec's failure to timely file a designation of record for its appeal—which resulted in the dismissal of the appeal—was not attributable to excusable neglect, and denied Quebec's Rule 60(b)(1) motion.[3] The District Court's ruling was not an abuse of discretion.

First, the reason for the delay weighs against finding excusable neglect. Quebec's counsel concedes that he had notice of the September 8, 2015 deadline for filing the designation of record but explains that the deadline was mis-calendared. The District Court aptly found that counsel's oversight could have been prevented through effective office procedures and reasonable diligence on the part of counsel in checking the bankruptcy docket. See Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322, 326, 328-31 (3d Cir. 2012) (concluding no excusable neglect based primarily on the reason for the delay factor where counsel's 29-day delay was caused by poor office practices,

---

[3] Quebec argues that the factors in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), support relief. However, the Poulis framework applies when a district court considers dismissing a case before trial. Quebec does not challenge the dismissal of its involuntary bankruptcy petition against Doe but instead seeks review of a post-judgment order—the bankruptcy court's ruling imposing damages for Quebec's bad faith filing of the petition. See Roberts v. Ferman, 826 F.3d 117, 123 n.5 (3d Cir. 2016) (stating that a district court must consider the Poulis factors before dismissing a case for failure to prosecute but no Poulis analysis is necessary when the district court "dismisses a post-trial motion"); Knoll v. City of Allentown, 707 F.3d 406, 408-11 (3d Cir. 2013) (holding that Poulis does not apply in the post-trial context); see also George Harms, 371 F.3d at 163 (applying the Pioneer factors to a Rule 60(b)(1) motion). Because Poulis does not apply in the post-judgment context, we reject Quebec's argument that the Poulis factors support its request for relief.

explaining that counsel should have discovered the error earlier, and noting authority from another circuit which held that counsel's mis-calendaring was not excusable); Nara v. Frank, 488 F.3d 187, 193-94 (3d Cir. 2007), as amended (June 12, 2007) (holding no excusable neglect under Rule 60(b) where an attorney would have received notice of the order he untimely sought to challenge had he complied with the standing order to register with the electronic filing system). Moreover, the District Court correctly observed that it was "difficult to excuse" counsel's incorrect recording of the September 8 deadline as October 22, "nearly two months after he filed the notice of appeal (and received the email notification)" and far beyond the fourteen-day deadline, in light of "the appellate practice [Quebec's counsel] professes to maintain." App. 11-12. In addition, the District Court correctly rejected Quebec's argument that it could not be held responsible for its counsel's errors given the Supreme Court's clear statement that "clients must be held accountable for the acts and omissions of their attorneys," Pioneer, 507 U.S. at 396.

Second, the District Court did not abuse its discretion in finding that Quebec's delay prejudiced Doe and had a negative impact on judicial proceedings because "redress for the harm [to Doe] caused by Quebec's filing of an involuntary bankruptcy petition . . . has now been delayed for nearly five years," and the delay "undermin[ed] the expeditious administration of this litigation, which has already been protracted as a result of Quebec's dilatoriness." App. 13. The District Court further noted that Quebec's delay was another example of its bad faith conduct exhibited throughout the underlying bankruptcy proceeding. Quebec "fail[ed] to cooperate with [Doe], fail[ed] to appear at hearings, and

fail[ed] to appear at trial." App. 12-14 (citing In re Kosachuk, Bankr. No. 12-16438, slip op. (Bankr. E.D. Pa. Mar. 24, 2015)).

Although Quebec's present counsel was retained after the Bankruptcy Court issued its decision on Quebec's bad faith filing of the bankruptcy petition, reasonably diligent counsel entering at that late stage of the litigation would have reviewed the record, observed the history of dilatoriness and prior finding of bad faith, and ensured that future filings complied with all applicable rules and orders. See In re Cendant Corp. PRIDES Litig., 235 F.3d at 184; see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 867 (8th Cir. 2007) (concluding lack of good faith where a party had a history of delay). Therefore, the District Court did not abuse its discretion in concluding that Quebec has not shown excusable neglect that would entitle it to relief under Rule 60(b)(1).

## III

For the foregoing reasons, we will affirm.